IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR31** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MONTA ARNELL JOHNSON,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 54, 55, 56). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

## ¶ 26 - Drug Quantity

Both parties object to the drug quantity and the base offense level 38 in ¶ 26. The plea agreement states that the Defendant should be held responsible for more than 50 but less than 150 grams of crack cocaine and therefore base level 30 is appropriate. Absent unusual circumstances, the Court intends to uphold the plea agreement. The objections to ¶ 26 are granted.

## ¶ 50 - Recency

The Defendant objects to the two criminal history points added in ¶ 50 because the offense in ¶ 42 occurred within two years of the instant offense. The objections are denied for the reasons stated by the probation officer in the Addendum to the PSR.

***¶¶ 38, 42 and ¶¶ 41, 42 - Related Offenses***

The Defendant objects to these offenses being counted separately. However, these offenses are not "related" pursuant to the guidelines set out in U.S.S.G. § 4A1.2(a)(2). The objection is denied.

The Defendant also argues that ¶¶ 41 and 42 are related cases. However, it appears that there was an intervening arrest and, therefore, the offenses are not considered "related" under § 4A1.2(a)(2).

These objections are denied.

***Overstatement of Criminal History***

The remaining objections of the Defendant appear to be arguments supporting a motion for downward departure based on overstatement of criminal history under U.S.S.G. § 4A1.3. However, a motion has not been filed. As "objections," these arguments are denied.

IT IS ORDERED:

1. The parties' objections to ¶ 26 (drug quantity) of the Presentence Investigation Report (Filing Nos. 54, 55, 56) are granted;

2. The Defendant's remaining objections to the PSR (Filing Nos. 54, 55) are denied;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are

required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 20th day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge